IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-127-FL

| | |
|---|---|
| VALERIE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| NAVISTAR, INC., ALLEN FREIGHT | ) |
| CO., FIRST TRANSIT–WOLFLINE, | ) |
| and PASCHALL TRUCK LINES, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

The following motions have been referred to the undersigned for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(2):

1) Defendant Paschall Trucklines Lines, Inc.'s ("PTL") motion to dismiss (DE-6) and motion to strike (DE-29); and

2) Defendant Allen Freight Co.'s ("AFC") motion to dismiss (DE-22).

Each of these motions is now ripe for adjudication. For the following reasons, it is HEREBY RECOMMENDED that both of the motions to dismiss (DE's 6 & 22) be GRANTED, and that Plaintiff's claims against Defendants PTL and AFC be DISMISSED. It is further recommended that Defendant PTL's motion to strike (DE-29) be DENIED AS MOOT.

**I. Background**

Plaintiff filed her Complaint on April 1, 2010 (DE-4). In her complaint, Plaintiff asserts that on April 17, 2008 she was sitting in the cab section of a truck when the top bunk came loose from its safety latch and crashed onto her head (DE-4, ¶ 6). The truck was owned by Defendant

1

AFC and the upper bunk assembly was produced by Defendant Navistar, Inc. Furthermore, Plaintiff contends that the injuries she incurred because of this accident "prevented [her] from continuing in her line of work" as a tractor trailer driver (DE-4, ¶ 6). Defendant PTL was Plaintiff's most recent employer (DE-4, ¶ 2). Finally, Plaintiff argues that Defendants PTL and AFC "had a duty under the Americans with Disabilities Act . . . to permit [her] to take a leave of absence after her injury" (DE-4, ¶ 9). With regard to her Americans with Disabilities Act ("ADA") claims, Plaintiff concedes that she has not instituted charges with the Equal Employment Opportunity Commission ("EEOC")(DE-25).

## II. Analysis

### A. Defendant PTL's Motions to Dismiss and Strike

Defendant PTL has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id.* at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted).

Specifically, Defendant PTL contends that Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff failed to exhaust her administrative remedies by bringing her claim before the EEOC (DE-7, pg. 1). Plaintiff asserts that PTL violated the ADA. Prior to filing an employment discrimination action in federal court, including any claim under the ADA, a plaintiff is required to file a charge of discrimination with the EEOC within 180 days[1] of the alleged discriminatory activity. McMillan v. General Electric Co., 2010 WL 2107140, *5 (E.D.N.C. May 25, 2010)(*citing*, 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); Felty v. Graves-Humphreys Co., 785 F.2d 516, 518-19 (4th Cir.1986)). When a Plaintiff fails to comply with the 180-day filing requirement, the claim is time barred and must be dismissed. Sheaffer v. County of Chatham, 337 F.Supp.2d. 709, 723 (M.D.N.C. 2004). *See also*, Sloop v. Memorial Mission Hospital, Inc., 198 F.3d 147, 149 (4th Cir. 1999); McCullough v. Branch Banking and Trust Company, 35 F.3d 127, 131 (4th Cir. 1994).

As noted above, Plaintiff concedes that she has not filed an EEOC charge. Rather, she argues that the deadline for her to do so should be equitably tolled. Specifically, Plaintiff argues

---

[1] The statutory filing period is increased to 300 days in a deferral state if the plaintiff initially instituted proceedings with a designated Fair Employment Practices ("FEP") State or local agency. McMillan, 2010 WL 2107140, *5. Plaintiff does not assert she has done so, and, regardless, her claim would be time barred even if the 300 day deadline was appropriate.

3

that her work schedule prevented her from being able to see the employee notices posted by PTL with regard to ADA claims (DE-25, pg. 1). She also claims that the injuries she sustained on April 17, 2008 incapacitated her to such an extent that she was incapable of filing a charge with the EEOC (DE-25, pg. 1-2).

The timeliness requirement for filing a charge with the EEOC is not a jurisdictional prerequisite to bringing an ADA claim in federal court, but rather is treated as a statute of limitations and subject to tolling "when equity so requires." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). The Fourth Circuit allows equitable tolling of a statute of limitations when there are "(1) extraordinary circumstances, (2) beyond [plaintiff's] control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir.2000) ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations.").

Ultimately, however, equitable tolling is a narrow exception. Olson v. Mobil Oil Corp., 904 F.2d. 198, 201 (4th Cir. 1990). This is because:

> [c]ourts cannot countenance ad hoc litigation for every missed deadline. The repose that statutes of limitations provide will be lost if their applicability is "up for grabs" in every case. English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir.1987). At some point, "the right to be free of stale claims ... comes to prevail over the right to prosecute them." American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554, 94 S.Ct. 756, 761, 38 L.Ed.2d 713 (1974) (quoting Order R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 348-39, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). Over time, strict judicial adherence to limitations provisions may benefit plaintiffs because they will be encouraged to file timely claims rather than to rely on the application of uncertain exceptions which may be unevenly or arbitrarily administered.
> Id.

Therefore, the doctrine of equitable tolling generally is only appropriate in two distinct situations: where the plaintiff was prevented from asserting her claim by some wrongful conduct on the part

4

of a defendant, or where extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Plaintiff's allegations fail to rise to the level necessary to implement such a narrow exception. She does not allege that PTL wrongfully deceived or misled her in order to conceal the existence of the cause of action. Nor does she argue that PTL failed to properly post EEOC notices. Rather, she simply notes that she was unable "to see any [n]otices that may have been posted" because "she . . . never visited the home office" (DE-25, pg. 1). These allegations do not satisfy the standard summarized above. Plaintiff also contends that the injuries she sustained on April 17, 2008 incapacitated her to such an extent that she was unable to file an EEOC claim. To this end, she has attached medical records to establish her incapacity (DE's 25-1, 25-2). However, "[a]s a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir.2004). The undersigned has reviewed Plaintiff's medical records along with her own allegations and finds that they do not establish that Plaintiff was profoundly incapacitated.

Moreover, equitable remedies are generally unavailable in federal court when, as here, the record shows that no administrative filing was ever made. Woodyard v. Gal-Tex Hotel Corp. 2008 WL 2853637, * 3 (W.D.Va. July 22, 2008). In other words, "equitable considerations are relevant to whether the timeliness requirement for filing a charge should be subject to equitable tolling, not whether a charge must ever be filed at all." Id. (internal citations omitted).

For these reasons, it is HEREBY RECOMMENDED that PTL's motion to dismiss (DE-6) be GRANTED and that Plaintiff's claims against PTL be DISMISSED. Finally, PTL has filed a motion to strike the medical records submitted by Plaintiff (DE-29). It is RECOMMENDED that

5

the motion to strike (DE-29) be DENIED AS MOOT.

**B. Defendant AFC's Motion to Dismiss**

Defendant AFC has also filed a motion to dismiss. Plaintiff states two causes of action against Defendant AFC. Specifically, Plaintiff asserts that Defendant AFC "had a duty to maintain equipment operated by its drivers/employees to prevent them from being injured . . . [Defendant AFC] failed to properly maintain the equipment in the vehicle operated by Plaintiff, thus contributing to/causing her injuries." (DE-4, ¶ 8). In addition, Plaintiff contends that Defendant AFC "had a duty under the [ADA] . . . to permit [Plaintiff] to take a leave of absence after her injury." (DE-4, ¶ 9). Plaintiff has not responded to Defendant AFC's motion to dismiss, and the time for doing so has expired.

First, Defendant AFC has filed a motion to dismiss pursuant to Rule 12(b)(6) with regard to Plaintiff's ADA claim (DE-22, ¶ 5-6). Specifically, Defendant AFC notes that Plaintiff did not file a charge of discrimination with the EEOC prior to filing her complaint. The relevant standards for a motion to dismiss based on this argument have already been summarized. Based on those standards, the undersigned finds that Plaintiff's ADA claim against Defendant AFC is time barred and that no basis for equitable tolling exists. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's ADA claim against Defendant AFC be DISMISSED.

Secondly, Defendant seeks the dismissal of Plaintiff's negligence claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may file a motion to dismiss for lack of jurisdiction over the subject matter. In considering a Rule 12(b)(1) motion, a court should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A court

should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* To show that federal jurisdiction is proper, a plaintiff must affirmatively allege facts providing federal court jurisdiction in the complaint. Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied sub nom.* Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000). Notably, Plaintiff has not filed a response to Defendant AFC's allegation that federal court jurisdiction does not exist.

It is not disputed that Plaintiff was an statutory employee of Defendant AFC on April 17, 2008, when she was allegedly injured as a result of Defendant AFC's negligence (DE-4, ¶ 2(b)). Therefore, Defendant AFC asserts that Plaintiff's exclusive remedy with regard to that incident is a workers' compensation claim (DE- 23, pg. 4).

In Evans, the Fourth Circuit affirmed a district court's dismissal of a tort action, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), because the plaintiff was the statutory employee of the defendant and, therefore, limited to an action for workers' compensation benefits before the state's workers' compensation tribunal. Evans, 166 F.3d at 647-650. *See also*, Banks v. Virginia Electric & Power Co., 205 F.3d 1332 (4th Cir. 2000). Whether the law of New Jersey, where the incident occurred, North Carolina, where Plaintiff resides, or Florida, where Defendant AFC is alleged to be a citizen, is applied, the result is the same. All three states provide that an employee's exclusive remedy for an injury that occurs during the course of their employment is an action for workers' compensation benefits. *See* N.J.Stat. § 34:15-8; Fla. Stat. § 440.11, N.C. Gen. Stat. § 97-10.1. *Cf.* Sturdivant v. Dover Elevators, 2000 WL 1811610 (W.D.N.C. August 1, 2000)("As a general rule, the North Carolina Workers' Compensation Act provides the exclusive remedy for injuries suffered by employees in the course of their employment"). Therefore, it is HEREBY RECOMMENDED that Plaintiff's negligence claim against Defendant AFC also be

7

DISMISSED.

## III. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that PTL's and AFC's motions to dismiss (DE's 6 & 22) be GRANTED, and that Plaintiff's claims against Defendants PTL and AFC be DISMISSED. It is further recommended that Defendant PTL's motion to strike (DE-29) be DENIED AS MOOT.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, July 27, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE