IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-127-FL

VALERIE THOMPSON,
Plaintiff,
v.
NAVISTAR, INC., ALLEN FREIGHT CO., FIRST TRANSIT–WOLFLINE, and PASCHALL TRUCK LINES, INC.,
Defendants.

ORDER

This matter is before the court on defendant Paschall Truck Lines, Inc.'s ("PTL") motion to dismiss (DE #6) and motion to strike (DE #29), and defendant Allen Freight Co.'s ("AFC") motion to dismiss (DE #22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R") wherein he recommended that the court grant both motions to dismiss and deny as moot the motion to strike. The time for objections to the M&R has passed without any party filing an objection.[1] In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations of the magistrate judge.

In her complaint, plaintiff asserts that on April 17, 2008, as she was sitting on the lower bunk

[1] The court was notified on September 13, 2010, that the certified copy of the M&R served on plaintiff via U.S. Mail was returned as undeliverable for lack of a forwarding address. The certified copy was mailed to the correct address on file with the court. Under Local Rule 57.3, parties have a responsibility to promptly notify the court of a change of address. Failure to comply with Rule 57.3 may result in dismissal of the action or the imposition of such other relief that the court deems just and proper. As such, the court may properly adopt the M&R although plaintiff regrettably has not participated in this process.

in the cab section of a truck owned by AFC, the upper bunk became loose from its safety latch and fell onto the plaintiff's head. Plaintiff asserts that the upper bunk assembly was manufactured and sold by defendant Navistar, Inc. ("Navistar"). Plaintiff contends that, as a result of injuries sustained in this accident, she incurred significant medical expenses and lost wages. Plaintiff accordingly states a claim for relief against both Navistar and AFC for the allegedly negligent manufacture and maintenance of the equipment. Plaintiff also alleges that she lost tractor trailer driving jobs with AFC, PTL, and First Transit-Wolfline due to her injuries. Plaintiff states additional claims against these defendants, asserting that they violated the Americans with Disabilities Act ("ADA") by not permitting her to take a leave of absence after her injury.

On May 4, 2010, defendant PTL filed a motion to dismiss plaintiff's ADA claim. On May 25, 2010, plaintiff filed a response to the motion to dismiss, attaching various medical records. On June 8, 2010, defendant PTL filed a motion to strike the medical records attached to the plaintiff's response. On May 14, AFC filed a motion to dismiss plaintiff's ADA claim and negligence claim. Plaintiff filed no response to AFC's motion. The court referred both motions to dismiss and the motion to strike to the magistrate judge, who entered his M&R on July 27, 2010.

The magistrate judge reviewed both motions to dismiss and entered an M&R recommending that both motions be granted and that plaintiff's claims against AFC and PTL be dismissed. As to plaintiff's ADA claim against both AFC and PTL, the magistrate judge found, *inter alia*, that plaintiff's claim fails because plaintiff did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as required. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994). Further, the magistrate judge concluded that equitable tolling of the deadline to file with the EEOC was inappropriate in this case. Because plaintiff failed to exhaust her administrative remedies by failing to timely file an EEOC charge, the

magistrate judge concluded that plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge therefore recommended that plaintiff's ADA claim against AFC and PTL be dismissed.

The magistrate judge further recommended that plaintiff's negligence claim against AFC be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff, an employee of AFC, alleges that AFC failed to maintain equipment in a safe condition and that plaintiff was injured as a result. AFC argues that plaintiff's exclusive remedy with regard to this allegation is a workers' compensation claim. The magistrate judge found that whether the district court applied the law of New Jersey (where the incident occurred), North Carolina (where plaintiff resides), or Florida (where defendant AFC is alleged to be a citizen), subject matter jurisdiction would not exist because all three states provide that an action for workers' compensation benefits is an employee's exclusive remedy for an injury that occurs in the course of employment. See N.J. Stat. § 34:15-8; Fla. Stat. § 440.11; N.C. Gen. Stat. § 97-10.1. The magistrate judge therefore recommended that plaintiff's negligence claim against AFC be dismissed.

After a thorough review of the pleadings, defendants' motions to dismiss, the magistrate judge's recommendations and the relevant case law, the court agrees with the magistrate judge. The conclusions reached in the M&R are well-supported by the controlling case law as applied to the facts of this case. Consequently, where there are no objections to the M&R, the court ADOPTS the recommendations of the magistrate judge. Accordingly, PTL's motion to dismiss (DE #6) is GRANTED, PTL's motion to strike (DE #29) is DENIED AS MOOT, and AFC's motion to dismiss (DE #22) is GRANTED.

SO ORDERED, this the 7th day of October, 2010.

                                              LOUISE W. FLANAGAN
                                              Chief United States District Judge