IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-127-FL

| | |
|---|---|
| VALERIE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NAVISTAR, INC., ALLEN FREIGHT ) | |
| CO., FIRST TRANSIT–WOLFLINE, and ) | |
| PASCHALL TRUCK LINES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on motion to compel plaintiff to respond to discovery requests (DE # 41) by defendant Navistar, Inc. ("defendant").[1] No response to defendant's motion was filed. In this posture, the issues raised are ripe for review. For the reasons that follow, defendant's motion is GRANTED.

STATEMENT OF THE CASE

*Pro se* plaintiff filed her complaint on April 1, 2010, wherein she asserted a negligence claim against defendant arising out of an alleged equipment malfunction that caused injury to plaintiff. Defendant's motion to compel reveals that the discovery process has been plagued with difficulty due to plaintiff's failure to timely respond, or in some instances respond at all, to defendant's discovery requests.

---

[1] By order dated October 12, 2010, defendants Allen Freight Co. and Paschall Truck Lines, Inc. were dismissed from this case. Similarly, defendant First Transit-Wolfline was dismissed April 8, 2011. Navistar, Inc. is the only remaining defendant in this action.

1

On December 3, 2010, the court entered its case management order. Pursuant to the case schedule set forth therein, and pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties were to serve their initial disclosures by December 13, 2011. The parties were also ordered to respond to discovery requests within thirty (30) days. Pursuant to the case management order, the discovery period is to close July 1, 2011.

Defendant timely served its initial disclosures on December 13, 2010. Plaintiff served an incomplete initial disclosure one week late on December 20, 2010. In order to obtain plaintiff's complete initial disclosures, defendant found was forced to submit multiple requests to plaintiff, who submitted two supplements before her initial disclosure was finally made complete on January 18, 2011, thirty-six (36) days after the deadline.

On February 25, 2011, defendant served plaintiff with its First Interrogatories and Requests for Production of Documents ("discovery requests") via Untied States Mail at plaintiff's address of record, located in North Carolina. Plaintiff's deadline for response was March 30, 2011, which passed without response. Defendant notified plaintiff by letter of its willingness to accept plaintiff's responses by April 15, 2011. Plaintiff notified defense counsel on April 11, 2011, that plaintiff had moved to Texas and had not received the discovery requests.[2] Defendant agreed to grant plaintiff an additional ten days, up to and including April 21, 2011, to respond to defendant's discovery requests. Plaintiff again failed to respond, causing defendant to grant yet another extension which also passed without response. On April 25, 2011, plaintiff informed defense counsel that plaintiff was seeking counsel, and defendant agreed to extend the deadline for a fourth time, up to and

---

[2] Previously, plaintiff relocated within North Carolina but failed to provide a new address to the court or defense counsel, in violation of Local Civil Rule 83.3, under which parties have a responsibility to promptly notify the court of a change of address. Plaintiff was warned in the court's order dated October 7, 2010, that failure to update her address in accordance with the Local Civil Rules could result in dismissal of the action.

2

including May 6, 2011. Again, the deadline passed without response from plaintiff. Counsel entered notice of appearance on behalf of plaintiff on May 20, 2011, but has filed no response to defendant's motion to compel.

DISCUSSION

A.  Defendant's Discovery Requests

Rule 37(a)(3)(B) allows the filing of a motion to compel where a party fails to answer interrogatories or fails to respond to requests for production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv); see also McMillan v. Carey, No. 7:09-CV-208-F, 2010 U.S. Dist. LEXIS 134636, at *2 (E.D.N.C. Dec. 17, 2010) ("An order compelling discovery is appropriate where a party fails to answer an interrogatory or to respond to a discovery request and the movant certifies that he made a good faith attempt to resolve the matter without the court action.").

Here, plaintiff has wholly failed to respond or otherwise object to defendant's discovery requests, despite defendant's attempts to amicably resolve the dispute by granting four extensions that, taken together, permitted plaintiff a total of seventy (70) days within which to respond. Indeed, defendant certifies that it has attempted to confer with plaintiff in good faith in an effort to obtain responses to the discovery requests without court action.

Accordingly, defendant's motion to compel is GRANTED. Plaintiff shall provide defendant with complete responses to defendant's discovery requests **within seven days** of entry of this order. Because plaintiff has not provided the court with any justification for her failure to respond, any objections that plaintiff may have had to the discovery requests are deemed waived. See Fed.R.Civ.P. 33(b)(4) (stating that "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure); see also Drexel Heritage Furnishings, Inc. v. Furniture,

3

USA, Inc., 200 F.R.D. 255, 258 (M.D.N.C. 2001) (failure to provide specific objections to requests for production of documents under Rule 34 waives any objection).

B.     Expenses

Rule 37(a)(5)(A) provides for the award of expenses where a motion to compel is granted, absent certain specified circumstances. The rule states in relevant part:

> If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. See, e.g., Gardner v. AMF Bowling Ctrs., Inc., 271 F.Supp.2d 732, 733-34 (D.Md. 2003) (finding that defendant was entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions).

Here, defendant afforded plaintiff four extensions of time to serve her responses to defendant's discovery requests. Plaintiff has failed entirely to respond to the discovery requests or to defendant's motion to compel. Accordingly, the reasonable expenses incurred by defendant in making the instant motion to compel, including attorney's fees, are compensable, and defendant's request for these expenses is GRANTED.

Defendant shall file an affidavit setting out such expenses, including attorney's fees, **within**

4

**ten days** of entry of this order. Plaintiff shall file any response **within five days** after service of the affidavit. The court will thereafter enter an order setting the amount due.

C.      Modification of Scheduling Order

Finally, defendant requests that the court modify the scheduling order's May 16, 2011, deadline for service of supplementations of disclosures pursuant to Rule 26(e). Defendant requests that the May 16, 2011, deadline be set aside as to defendant only, and that defendant be given ten days from the time of service of plaintiff's response to defendant's discovery requests within which to serve defendant's supplementations of disclosures.

Rule 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. For good cause shown, defendant's request to modify the scheduling order is GRANTED.

## CONCLUSION

For the foregoing reasons, defendant's motion to compel (DE # 41) is GRANTED. Plaintiff is ORDERED to provide defendant with complete responses to defendant's discovery requests **within seven days** of entry of this order. Defendant is ALLOWED ten days past the service of plaintiff's responses to file supplementations of disclosures pursuant to Rule 26(e). Plaintiff is ORDERED to pay the reasonable expenses, including attorney's fees, incurred by defendant in the preparation of the instant motion.

SO ORDERED, this the 6th day of June, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge